IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Doris A. Myers, | ) | Civil Action No.: 3:11-cv-01525-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Joseph R. McCrorey.[1]  Plaintiff Doris A. Myers brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act").  In his R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

**Factual Findings and Procedural History**

Plaintiff applied for DIB on January 8, 2009, alleging that she became unable to work on August 30, 2008.   The application was denied initially and on reconsideration.  Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on August 10, 2010, and Plaintiff appeared and testified.  A vocational expert also testified.  The ALJ issued a decision dated September 15, 2010, finding that Plaintiff was not disabled.  The ALJ's overall findings were as follows:

> 1. The claimant meets the insured status requirements of the Social
>    Security Act through December 31, 2013.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

2. The claimant has not engaged in substantial gainful activity since August 30, 2008, the alleged onset date (20 CFR 404.1571, *et seq.*).

. . .

3. The claimant has the following severe impairments: residual effects of breast surgery (20 CFR 404.1520(c)).

. . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the criteria of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

. . .

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to sit for 4 hours in an 8-hour day, for 1 to 2 hours at a time. She can lift a maximum of 20 pounds and can lift 10 pounds frequently and less than 10 pounds occasionally. The claimant can occasionally push and pull within these pounds limitations with the left upper extremity. She must avoid crawling and climbing ropes, ladders, and scaffolds. She must avoid concentrated exposure to dusts, fumes, gases, and poor ventilation, and she must avoid overhead reaching with her left upper extremity. She is right hand dominant and can read, write, add, and subtract.

. . .

6. The claimant is capable of performing past relevant work as a drafter and office assistant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

. . .

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 30, 2008, through the date of this decision (20 CFR 404.1520(f)).

Tr. 20-26.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on May 9, 2011.  On June 22, 2011, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1.  Both Plaintiff and the Commissioner filed briefs, ECF Nos. 8, 13, & 14, and the Magistrate Judge issued his Report and Recommendation ("R&R") on May 2, 2012, recommending that the Commissioner's decision be affirmed, R&R, ECF No. 27.  Plaintiff filed timely objections to the R&R on May 9, 2012, Pl.'s Objs., ECF No. 17, and the Commissioner replied on May 29, 2012, ECF No. 18.

## Standard of Review

The role of the federal judiciary in the administrative scheme established by the Act is a limited one.  The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968).  The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree").  "From this it does not follow, however, that the findings of the

administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### **Determination of Disability**

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or medically equal the listed impairments set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the claimant's (1) "residual functional capacity," *id.* § 404.1560; (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or medically equals the criteria of Appendix 1, (4)

whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

<u>**Analysis**</u>

The Magistrate Judge recommends affirming the final decision of the Commissioner. Plaintiff's objections raise the same arguments she makes in her brief. In fact, the objections only point out error in the administrative decision and fail to even refer to the recommendation of the Magistrate Judge. Plaintiff uses her objections, thus, as another opportunity to contend that the findings of the Commissioner are not supported by substantial evidence. Specifically, she argues the Commissioner erred (1) in disregarding an opinion of Plaintiff's treating physician, (2) in assessing Plaintiff's credibility, and (3) in failing to consider a possible diagnosis of reflex sympathetic dystrophic syndrome ("RSDS"). The Court addresses Plaintiff's objections in turn.

*1. Treating Physician's Opinion*

Plaintiff points to an opinion of her treating physician, Dr. Michael Harless, from April 27, 2010, which concluded that Plaintiff was unable to work an eight-hour day, five days per week. She contends the Commissioner erred in not giving the opinion controlling weight and points to other evidence to show the Commissioner's decision was not supported by substantial evidence. Pl.'s Objs. 5-8.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Under

such circumstances, "the [Commissioner] holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

If the Commissioner determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following non-exclusive list of factors to determine the weight to be afforded the physician's opinion: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; (5) whether the physician is a specialist in the area in which he is rendering an opinion; and (6) other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c); *see also Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005). The Commissioner must give specific reasons, supported by the record, for the weight given to a treating physician's medical opinion. SSR 96-2p.

The Court finds no error in the Magistrate Judge's recommendation to affirm. To the extent the specific opinion relied on by Plaintiff is a medical opinion,[2] the Magistrate Judge correctly

---

[2] Although not argued by the Commissioner, it appears the opinion is also an improper legal conclusion. *See Morgan v. Barnhart*, 142 F. App'x 716, 721-23 (4th Cir. 2005). The requirement that the Commissioner give a treating physician's opinion controlling weight hinges, in part, on whether the opinion is a "medical opinion." *See* 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). An opinion from a physician does not make the opinion a medical opinion, giving it *controlling weight*. Dr. Harless's opinion about whether Plaintiff could work an eight-hour day, five days a week goes beyond the nature or severity of the impairment. Indeed, the opinion requires an assumption about the *kind* of work the Plaintiff is able to do. In other words, just because a person experiences pain does not preclude her from substantial gainful activity. Accepting Dr. Harless's opinion as a medical opinion would effectively remove the prerogative to determine disability from the Commissioner and place it in the hands of the treating physician, a consequence that is contrary to the purposes of the regulations and their enabling statutes. *See, e.g.*, 20 C.F.R. § 404.1527(d) ("Opinions on some issues . . . are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they

reasoned that the opinion was not adequately supported and not consistent with other evidence in the record.  As the Magistrate Judge noted, Plaintiff sought infrequent treatment for her complaints of left-sided pain, chest wall pain, and anxiety, and she participated in many activities, including walking to the drug store, painting, reading, and doing crossword puzzles.[3]    Moreover, Dr. Harless's opinion was not consistent with his treatment notes which showed he provided only conservative treatment and because he did not place any limitations on Plaintiff's activities. Finally, the opinion, which was made on a questionnaire in the context of Plaintiff's application for benefits, refers to no contemporaneous clinical and laboratory diagnostic techniques.    The Commissioner's decision to not give controlling weight to Dr. Harless's opinion thus is supported by substantial evidence.

   *2.  Plaintiff's Credibility Assessment*

   Next, Plaintiff contends the Commissioner erred in finding Plaintiff was not credible.  The Magistrate Judge concluded that the Commissioner's assessment was "supported by substantial evidence and correct under controlling law." R&R 10.  Plaintiff, however, claims the Commissioner "only cited medical information in the record that was favorable to the [Commissioner's] finding and disregarded other relevant medical information that was to the contrary." Pl.'s Objs. 9.

   Under 20 C.F.R. § 404.1529(b), "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996).  The threshold requirement is that there be "a showing by objective [medical] evidence of the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by [Plaintiff]." *Id.* (internal quotation marks omitted).   Once the

---

are administrative findings that are dispositive of the case; i.e., *that would direct the determination or decision of disability*." (emphasis added)).

[3] Plaintiff visited Dr. Harless on June 9, 2009, for a general checkup and made no mention of pain. Tr. 289.

Commissioner concludes that this threshold requirement has been met, the Commissioner must evaluate "the intensity and persistence of [Plaintiff's] pain, and the extent to which it affects her ability to work."[4] *Id.* at 595. "[T]his evaluation must take into account not only [Plaintiff's] statements about her pain, but also 'all the available evidence,' including [Plaintiff's] medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of [Plaintiff's] daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.* (citations omitted). The Commissioner may not disregard or discredit Plaintiff's statements about pain "solely because they are not substantiated by objective medical evidence." SSR 96-7p; *see also Craig*, 76 F.3d at 595. The Fourth Circuit has held that once a claimant meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [Plaintiff is] entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that [the] pain is so continuous and/or severe that it prevents [Plaintiff] from working a full . . . day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

However,

> [t]his is not say . . . that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its

---

[4] Specifically, the following factors relevant to one's pain and symptoms will be considered by the Commissioner: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate the pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment that the individual uses or has used to relieve pain or other symptoms (such as lying flat on one's back, standing for 15 to 20 minutes each hour, etc.); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3).

> severity, they need not be accepted to the extent they are inconsistent
> with the available evidence, including objective evidence of the
> underlying impairment, and the extent to which that impairment can
> reasonably be expected to cause the pain the claimant alleges she
> suffers . . . .

*Craig*, 76 F.3d at 595.  Finally, the Commissioner's "determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

Here, the Commissioner found Plaintiff's alleged symptoms could reasonably be caused by the medically determinable impairments but discounted her allegations regarding the severity of her symptoms.  The Court concurs with the recommendation that the Commissioner properly considered other evidence to weigh Plaintiff's allegations.  As the Magistrate Judge notes, Plaintiff's allegations are not entirely consistent with her level of physical and social activities and the "relatively infrequent and conservative treatment of her symptoms following her mastectomy." R&R 10-11.  As Plaintiff notes, the evidence highlighted by her in her objections shows various instances where she complained of pain.  Moreover, she took medication for her pain.  This evidence, however, was not ignored by the Commissioner; indeed, the Commissioner never dismissed her allegations she was in pain.  He merely found her pain, based on the medical evidence and her activities, was not *disabling*. Pl.'s Objs. 9-10.  Therefore, the Commissioner's decision was supported by substantial evidence, and the recommendation was not in error.

### 3. *Failure to Consider Possible RSDS Diagnosis*

Finally, Plaintiff argues the Commissioner erred in failing to consider a possible RSDS diagnosis.  Pointing to the administrative decision, Plaintiff contends the Commissioner "failed to

take into consideration the various symptoms of RSDS and the possibility that the pain symptoms complained of by Plaintiff could have been caused by RSDS." Pl.'s Objs. 11.

The Court finds no error in the Magistrate Judge's recommendation to affirm the Commissioner on this issue. Here, Plaintiff seeks a medical finding by the Commissioner, who is not a medical professional, when there is inconclusive evidence to support a diagnosis of RSDS. The Commissioner discussed the "possible" diagnosis as follows:

> While Dr. Jordan noted [Plaintiff's] pain could be [RSDS] in nature, none of [Plaintiff's] treating physicians noted that [Plaintiff] may have RSD[S], nor have they documented any significant findings to support this diagnosis. Because Dr. Jordan examined [Plaintiff] on only this one occasion and because a diagnosis of RSD[S] is not supported by the treatment notes of record, Dr. Jordan's opinion that [Plaintiff] may have RSD[S] has been given little weight.

Tr. 24. As the Magistrate Judge reasoned, Plaintiff had the burden to prove her impairments. An opinion by an examining physician that Plaintiff's pain "could be a [RSDS] type pain of the area" is not evidence that must be given any controlling weight. Tr. 264. Indeed, Plaintiff cannot point to any other part of the record showing an *actual* diagnosis of RSDS and relies only on RSDS-like symptoms. The Commissioner, therefore, properly assigned weight to the opinion, dismissed it, and focused more on the combined effect of her symptoms in determining her residual functional capacity. The Magistrate Judge's recommendation was correct.

## Conclusion

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and applicable law. For the reasons set forth above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts and incorporates by reference the R&R of the Magistrate Judge. The Commissioner's decision is **AFFIRMED**.

11

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

July 25, 2012
Florence, South Carolina